FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2009 JUL 14  A 11: 49

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **GREGOIRE NYAMINANI**<br>A 079 187 186<br>    Petitioner,<br><br>v.<br><br>JOSEPH HIGGS, JR., Superintendent,<br>Rappahanock Regional Jail;<br>LEONARD DESANTI, Acting Field Office<br>Director, Office of Detention and<br>Removal, U. S. Immigration and Customs<br>Enforcement;<br>JAMES T. HAYES, JR., Director,<br>Office of Detention and Removal,<br>U.S. Immigration and Customs<br>Enforcement;<br>JOHN P. TORRES, Acting Assistant<br>Secretary,<br>U.S. Immigration and Customs<br>Enforcement;<br>JANET NAPOLITANO, Secretary,<br>Department of Homeland Security;<br>and<br>ERIC HOLDER, Attorney General,<br><br>    Respondents. | Docket No. 1:09CV773-LMB-IDD |

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241 AND COMPLAINT FOR INJUNCTIVE RELIEF

Petitioner, Gregoire Nyaminani, hereby petitions this Court for a writ of habeas corpus to remedy his unlawful and unconstitutional detention and to enjoin his continued detention by the Respondents. In support of this Petition and Complaint for injunctive relief, Petitioner alleges as follows:

### CUSTODY

Petitioner is in the custody of the United States Immigration and Customs Enforcement (ICE). He is detained by ICE at the Rappahanock Regional Jail in Stafford, Virginia. ICE has contracted with the Rappahanock Regional Jail to house immigration detainees such as the Petitioner. Petitioner is under the control of the Respondents and their agents.

## JURISDICTION

This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. §1101 *et seq. as amended* by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act (APA), 5 U.S.C. §701 *et seq*. This Court has jurisdiction under 28 U.S.C. §2241, Art. I, §9, cl.2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. §1331, as Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws or treaties of the United States. *See Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed. 2d 653 (2001). This Court may grant relief pursuant to 28 U.S.C. §2241, 5 U.S.C. §702, and the All Writs Act, 28 U.S.C. §1651.

## VENUE

Venue lies in the Alexandria Division of the United States District Court for the Eastern District of Virginia, as one or more of Respondents resides in the Eastern District of Virginia.

## PARTIES

1. Gregoire Nyaminani is a native of Rwanda. He was brought to the United States in March, 2003, pursuant to an agreement with the Rwandan government, to face criminal charges in the United States District Court for the District of Columbia.

2. On January 5 2007, the United States moved to dismiss all criminal charges against Mr. Nyaminani. The motion was granted and an Order dismissing the case was entered on February 7, 2007.

3. The Petitioner has been in the custody of ICE since February 7, 2007.

4. Respondent Joseph Higgs, Jr. is the superintendent of the Rappahanock Regional Jail, and as such, has direct control over Mr. Nyaminani.

5. Respondent Leonard Desanti is the ICE Acting Field Office Director in Fairfax, Virginia, and is Mr. Nyaminani's immediate custodian.

6. Respondent James T. Hayes is the Director of ICE's Headquarters Office of Detention

and Removal in Washington, D.C., and is responsible for managing the detention of aliens and the effectuation of final orders of removal. In this official capacity, Mr. Hayes is also a legal custodian of Gregoire Nyaminani.

7. Respondent John P. Torres is the acting Assistant Secretary of ICE and as such is a custodian of Mr. Nyaminani.

8. Respondent Janet Napolitano is the Secretary of the Department of Homeland Security (DHS). She is responsible for the administration of ICE and the enforcement of the INA. As such, she is also a custodian of Mr. Nyaminani.

9. Respondent Eric Holder is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the INA. As such, he is also a custodian over Mr. Nyaminani.

## EXHAUSTION OF REMEDIES

Mr. Nyaminani has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action. Following the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S.678, 121 S.Ct. 2491, 150 L.Ed. 2d 653 (2001), then-Attorney General Ashcroft issued a Memorandum outlining how aliens may seek release from custody. *See* Memorandum, John Ashcroft, Attorney General, July 19, 2001; *Post-Order Custody Review After Zadvydas v. Davis*, 66 Fed. Reg. 38,433 (2001) (Ashcroft Memorandum). Accordingly, this Petition will be treated by ICE as a request for custody review subject to the terms of the Ashcroft Memorandum. Neither the Memorandum nor ICE's previous custody review procedures at 8 C.F.R. §241.4 provide another means of obtaining or appealing a custody review decision. No statutory exhaustion requirements apply to Petitioner's claim of unlawful detention.

## STATEMENT OF FACTS

1. Gregoire Nyaminani was paroled into the United States from Rwanda on March 2, 2003 at San Juan, Puerto Rico. He was paroled for purposes of prosecution in *United States v.*

3

*Karake, et al.,* then pending in the United States District Court for the District of Columbia. Nyaminani's parole expired in August, 2006. On August 17, 2006, the United States District Court granted his motion to suppress statements made to Rwandan and United States authorities, finding that the statements were the product of physical and psychological coercion and torture by the Rwandan officials, that the statements were involuntary, and that they were obtained in violation of the Constitution of the United States. *United States v. Karake, et al.,* 443 F. Supp. 2d 8 (D.D.C. 2006). In February 2007, the United States dismissed all criminal charges against Mr. Nyaminani.

2. On February 27, 2007, DHS commenced removal proceedings against Petitioner, charging that he was inadmissible to the United States as an alien who, at the time of application for admission, was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document, and a valid unexpired passport or other suitable travel document or document of identity and nationality. These charges were based upon the fact that the United States government applied for parole for purposes of prosecution, the parole expired, Mr. Nyaminani remained in custody until after the expiration of parole, and the United States did not seek to renew the parole.

3. On January 4, 2007, Petitioner filed an application for asylum or alternatively, withholding of removal under the INA, withholding of removal under the Convention Against Torture (CAT) and deferral of removal to Rwanda.

4. Following hearing and supplemental briefing, the Immigration Judge (IJ) denied Petitioner's application for asylum, withholding of removal under the Act, and withholding of removal under CAT. The IJ granted Mr. Nyaminani's request for deferral of removal under CAT. The IJ determined that Mr. Nyaminani was not entitled to the other relief requested because two mandatory bars to asylum existed: that there were reasonable grounds to believe that as a soldier in the Army of the former government of Rwanda (ALIR), Mr. Nyaminani ordered, incited, assisted or otherwise participated in the persecution of others; 8 C.F.R.

4

§1208.13(c)(2)(i)(E), 8 C.F.R. §1208.13(c)(2)(i)(C), 8 C.F.R. §1208.16(D)2; and also (2) that because of his membership in ALIR, reasonable grounds existed to believe that he posed a danger to the security of the United States. 8 C.F.R. §1208.13(c)(2)(ii)(F).

5. Mr. Nyaminani appealed the denial of asylum and withholding of removal to the Board of Immigration Appeals. The Board affirmed the IJ's Order on July 22, 2008.

6. The United States did not appeal the IJ's grant of deferral of removal under CAT.

7. On March 10, 2009, ICE, through Calvin McCormick, then Acting Washington Field Office Director in Fairfax, Virginia, sent Mr. Nyaminani a Decision to Continue Detention. In the Decision, ICE stated, in pertinent part,

> "[t]he United States Government is attempting to facilitate your removal from the United States and at this time there is no reason to believe that your removal will not take place within the reasonably foreseeable future. In addition, we believe you pose a danger to the community and/or the safety of persons and also pose a significant risk of flight. Based upon the above, you are to remain in ICE custody pending your removal from the United States."

Letter Dated 3/10/09, sent via facsimile to counsel for Nyaminani on March 12, 2009, attached as Attachment 1.

8. Prior to receipt of the Decision, counsel for Mr. Nyaminani was in telephone contact with Michael Dalton, Deportation Officer, Washington District Office, on several occasions concerning Mr.Nyaminani. Counsel was advised by Officer Dalton that it was the responsibility of Mr. Nyaminani and/or his counsel to make application to other countries for Mr. Nyaminani's admission to the countries as a resident. Counsel also communicated with Lolita Lukose, Esq., Office of Chief Counsel, ICE, and she too related that Mr. Nyaminani was responsible for applying to other countries for admission. *See*, Affidavit of Counsel, attached as Attachment 2.

9. Counsel related to Ms. Lukose that in her review of websites of various Embassies, Mr. Nyaminani would need a passport to apply for visas from other countries. Ms. Lukose obtained a copy of Mr. Nyaminani's passport and sent copies to counsel via facsimile. Counsel corresponded with four countries on Mr. Nyaminani's behalf, and to date, two of the countries have responded that he cannot make application for entrance to the countries unless he does so in

person. On March 27, 2009, counsel sent a letter to Ms. Lukose at ICE, requesting the assistance of ICE in applying for Mr. Nyaminani's admission to other countries. In her letter, counsel advised that every country to which she applied required in-person applications for a visa and that because Mr. Nyaminani remained in detention, he could never satisfy the entry requirements. Counsel has had no response from ICE. *Id.*

10. On April 13, 2009, counsel received a Decision to Continue Detention, stating, *inter alia,* that

> "The United States government is attempting to facilitate your removal from the United States. At this time there is no reason to believe that your removal will not take place within the reasonably foreseeable future. Consequently, you are to remain in ICE custody."

Letter Dated 4/13/09, sent via certified mail to counsel for Mr. Nyaminani on April 16, 2009, attached as Attachment 3.

11. Mr. Nyaminani has made good faith efforts to locate another country to which he could be removed. ICE has made no efforts to remove Mr. Nyaminani to another country. Its position that the burden is on Mr. Nyaminani to find another country which will accept him belies its statement in its Decision to Continue Detention that removal to another country is possible for Mr. Nyaminani. In fact, removal to another country will never be accomplished so long as Mr. Nyaminani is detained, because he can never meet the first and most basic requirement for obtaining a visa from any country: he cannot present himself at the embassy of the country and apply in person for a visa.

12. Mr. Nyaminani does not pose a danger to the community. He has never been convicted of a crime. Nor has any disciplinary action been taken against him in any facility in which he has been held by the government.

13. Absent intervention by this Court, Mr. Nyaminani will remain detained indefinitely, contrary to the Supreme Court's prohibition on such indefinite detention in *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed. 2d 653 (2001).

14. Reasonable conditions of release can be set to assure Mr. Nyaminani's removal to

another country when one is located. A social services organization in Dayton, Ohio specializing in services to Rwandan refugees is willing to take him into their assisted living program, to provide education in the English language, to assist him in obtaining employment and to provide housing for him.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

Mr. Nyaminani is in custody pursuant to INA §241(a)(6), 8 U.S.C. 1231(a)(6). Under INA §241(a)(1), 8 U.S.C. §1231(a)(1), ICE must remove aliens within 90 days of the entry of a final order of removal. Continued detention for longer than six months is presumptively unreasonable and violates the Due Process Clause of the Fifth Amendment to the United States Constitution. *Zadvydas v. Davis*, 533 U.S. 678, 690, Ct. 2491, 150 L. Ed. 2d 653 (2001); *Clark v. Martinez*, 543 U.S. 371, 125 S.Ct. 716 (2005).

Mr. Nyaminani's Order of removal became final on July 22, 2008. He has now been detained for eleven months since the entry of the Order. His continued detention is unlawful and unconstitutional. Conditions of release should be set for him pending removal to another country. *See, Zadvydas*, 533 U.S. at 696.

## CLAIMS FOR RELIEF

Petitioner re-alleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

Mr. Nyaminani's continued detention by Respondents violates INA §241(a0(6), as interpreted in *Zadvydas*. His 90-day statutory removal period and six-month presumptively reasonable period for continued removal efforts have passed. He cannot be removed to another country in the foreseeable future. He should be released on conditions of release.

Additionally, his continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. *Zadvydas* allows continued detention only for a period reasonably necessary to secure Mr. Nyaminani's removal. Under the Due Process Clause of the United States Constitution, an alien is entitled to a timely

7

and meaningful opportunity to demonstrate that he should not be detained. Mr. Nyminani has been denied that opportunity. There is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will be made, or appeal a determination that violates *Zadvydas*.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release Petitioner from custody;

3. Order Respondents to refrain from transferring the Petitioner out of the jurisdiction of Acting Field Officer Director Leonard Desanti during the pendency of these proceedings and while the Petitioner remains in Respondents' custody;

4. Award to Mr. Nyaminani reasonable costs and attorneys' fees; and

5. Grant any other and further relief which this Court deems just and proper.

This the 14th day of July, 2009.

Respectfully submitted,

/s/ *Bradley R. Miliauskas*
Bradley R. Miliauskas (Virginia Bar ID# 41720)
Alston & Bird LLP
950 F Street, NW
Washington, DC 20004-1404
202-756-3300
202-654-4875 facsimile
bradley.miliauskas@alston.com

Reita Pendry*
Post Office Box 5432
Charlotte, NC 28299
704-532-6232
704-537-7536 facsimile
rpendry@bellsouth.net

* Not admitted in this jurisdiction.

**ATTACHMENT 1**

*Office of Detention and Removal*

**U.S. Department of Homeland Security**
Washington District Office
2675 Prosperity Avenue, Room 315
Fairfax, Virginia 22031



U.S. Immigration
and Customs
Enforcement

# Facsimile Transmission

To: Reita Pendry　　　　　　　　　　　　　　Fax Number: 704-537-7536

| | |
|---|---|
| From: Michael Dalton, Deportation Officer<br>Washington District Office | Phone Number: (703) 285-6269<br>Fax Number: (703) 285-6216 |

Date: March 12, 2009

Number of pages including cover: ➨ 3

Good afternoon, please find the attached custody review decision for your client, Gregoire Nyaminani, A# 79 187 168.



*Office of Detention and Removal Operations*
*Washington Field Office*
**U.S. Department of Homeland Security**
2675 Prosperity Ave
Fairfax, VA 22031

## U.S. Immigration and Customs Enforcement

Gregoire NYAMINANI  
C/O Hampton Roads Regional Jail  
2690 Elmhurst Lane  
Portsmouth, VA 23701

A79 187 168

### Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You are a native and citizen of Rwanda. On or about March 2, 2003, you entered the United States at San Juan Puerto Rico as a Parolee, which status expired before immigration proceedings commenced. After completion of your immigration proceedings, the order of removal entered against you by the immigration judge became final.

The United States Government is attempting to facilitate your removal from the United States and at this time there is no reason to believe that your removal will not take place within the reasonably foreseeable future. In addition, we believe you pose a danger to the community and/or the safety of persons and also pose a significant risk of flight.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

If you have not been released or removed from the United States by 23 February 2009, jurisdiction of the custody decision in your case will be transferred to the Headquarters Case Management Unit (HQCMU), 500 12th Street S.W., Washington, DC 20024. HQCMU will make a final determination regarding your custody.

_____  L DeSanti (c) FOD          _03/10/09_
Signature of Field Office Director, DRO/Designated Representative          Date

Print Name, Title and Location: ____Calvin McCormick, Acting Field Office Director, Fairfax, VA__

MAR-12-2009 11:22 From: To:704 537 7536 P.3/3

**Decision of Post Order Custody Review – Detain**
NYAMINANI, Gregoire A# 79 187 168
Page 2

## PROOF OF SERVICE

(1) Personal Service (Officer to complete both (a) and (b) below.)

(a) I _Michael Dalton_, _Deportation Officer_,
   Name of ICE Officer              Title
certify that I served _Gregoire NYAMINANI_ with a copy of
                      Name of detainee
this document at _Fairfax Field Office_ on _12 Mar 2009_, at _11:40 am_.
                  Institution                Date            Time

(b) I certify that I served the custodian _____,
                                              Name of Official
_____, at _____, on
   Title              Institution
_____ with a copy of this document.
   Date

## OR

(2) Service by certified mail, return receipt. (Attach copy of receipt)

I _____, _____, certify
   Name of ICE Officer         Title
that I served _____ and the custodian _____,
               Name of detainee                          Name of Official
with a copy of this document by certified mail at _____ on _____.
                                                    Institution              Date

(✓) cc: Attorney of Record or Designated Representative
(✓) cc: A-File

**ATTACHMENT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GREGOIRE NYAMINANI ) | |
| A 079 187 186 ) | |
| Petitioner, ) | |
| ) | Docket No._____ |
| v. ) | |
| ) | |
| JOSEPH HIGGS, JR., Superintendent, ) | |
| Rappahanock Regional Jail; ) | |
| LEONARD DESANTI, Acting Field Office ) | |
| Director, Office of Detention and ) | |
| Removal, U. S. Immigration and Customs ) | |
| Enforcement; ) | |
| JAMES T. HAYES, JR., Director, ) | |
| Office of Detention and Removal, ) | |
| U.S. Immigration and Customs ) | |
| Enforcement; ) | |
| JOHN P. TORRES, Acting Assistant ) | |
| Secretary, ) | |
| U.S. Immigration and Customs ) | |
| Enforcement; ) | |
| JANET NAPOLITANO, Secretary, ) | |
| Department of Homeland Security; ) | |
| and ) | |
| ERIC HOLDER, Attorney General, ) | |
| ) | |
| Respondents. ) | |

## AFFIDAVIT

I, Reita Pendry, do hereby aver and say, under penalty of perjury, that:

1. I am an attorney licensed in the District of Columbia and in North Carolina.

2. I represent Gregoire Nyaminani, A 079 168 186. I represented him in *United States v. Karake, et al.*, in the United States District Court for the District of Columbia.

3. I have been in communication with Michael Dalton, ICE deportation officer, about Mr. Nyaminani. Mr. Dalton advised me that it is Mr. Nyaminani's responsibility to apply for admission to another country in order to effectuate his removal. We discussed countries to which he might apply, and I agreed to pursue visas to Belgium, France and Sweden. I elected to contact those countries because I know that the countries have accepted Rwandan citizens in the past. I

also suggested Canada as a country to which Mr. Nyaminani might be removed, but Mr. Dalton said that the United States would probably not remove him to Canada, unless he had family or close friends there, because of its proximity to the United States. I advised that I needed a copy of Mr. Nyaminani's passport, which was obtained by the United States government in order to bring Mr. Nyaminani into the United States for prosecution.

4. Shortly after our conversations, I was contacted by Lolita Lukose of the Office of the Chief Counsel at ICE. She and I discussed my intention to apply to other countries on Mr. Nyaminani's behalf. She agreed to fax me a copy of his passport and she later did so. She never indicated that ICE would assume any responsibility to assist Mr. Nyaminani in applying for admission to other countries. To my knowledge neither Ms. Lukose or Mr. Dalton or anyone else from ICE has taken any action to remove Mr. Nyaminani to another country.

5. I obtained information from various embassy web sites in order to assist Mr. Nyaminani's removal to another country. I checked web sites for Belgium, Canada, France, and Sweden. All the web sites indicated that the countries require in-person applications for visas. I contacted the Belgian Embassy and was told to submit a written request that Mr. Nyaminani be allowed to apply for admission to Belgium without personally appearing at the Embassy, since he is unable to do so by virtue of his continued detention. I sent an email, which was forwarded to the Ministry of Foreign Affairs in Brussels for consideration. I received a response that Mr. Nyaminani would need to apply in person for admission to Belgium. On March 27, 2009, I sent letters to the embassies of Canada, France and Sweden, asking that the in-person application requirement be waived. To date, I have received a response from Canada that he would need to apply in person for a Canadian visa, but no replies from Sweden or France.

6. On March 27, 2009, I sent a letter to ICE asking for assistance in Mr. Nyaminani's removal to another country. I explained that Mr. Nyaminani cannot meet the visa requirements for the countries to which I agreed to apply on his behalf. I have received no response from ICE.

On penalty of perjury, I swear the foregoing is true and accurate.

This the 22nd day of June, 2009.

_____
REITA PENDRY.

**ATTACHMENT 3**

*Office of Detention and Removal Operations*

U.S. Department of Homeland Security
500 12th Street, S.W.
Washington, DC 20024



U.S. Immigration and Customs Enforcement

Gregoire NYAMINANI　　　　　　　　　　　　　　　　　　A79 187 168
C/O Immigration and Customs Enforcement
Washington Field Office

## Decision to Continue Detention

This letter is to inform you that the U.S. Immigration and Customs Enforcement (ICE) has reviewed your custody status and determined that you will not be released from custody at this time. This decision was based on a review of your file record and/or personal interview and consideration of any information you submitted to ICE reviewing officials.

You are a native and citizen of Rwanda. On or about March 2, 2003, you entered the United States at San Juan Puerto Rico as a Parolee, which status expired before immigration proceedings commenced. After completion of your immigration proceedings, on August 26, 2008, the order of removal entered against you by the immigration judge became final.

The United States Government is attempting to facilitate your removal from the United States. At this time there is no reason to believe that your removal will not take place within the reasonably foreseeable future. Consequently, you are to remain in ICE custody.

This decision, however, does not preclude you from bringing forth evidence in the future to demonstrate a good reason why your removal is unlikely. You are advised that pursuant to Section 241(a)(1)(C) of the Immigration and Nationality Act (INA) you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE efforts to remove you by taking whatever actions ICE requests to effect your removal.

You are also advised that any willful failure or refusal on your part to make a timely application in good faith for travel documents or other documents necessary for your departure, or any conspiracy or actions to prevent you removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC § 1253(a).

_Ruben A. Perez_ (for) [signature]　　　　　　　　　4-13-09
Signature of HQCMU Chief (Acting)　　　　　　　　　Date